UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DENNIS ROE, | 1:11-CV-00347 AWI BAM HC |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. #32] |
| | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| JAMES A. YATES, Warden, | |
|     Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") pursuant to a judgment of the Superior Court of California, County of San Bernardino, following his conviction by jury trial on March 26, 2003, of assault with a machine gun, use of an assault weapon, willful discharge of a firearm, and damage to a phone line. (See Resp't's Answer, Ex. 1.) On June 8, 2003, Petitioner was sentenced to serve a determinate term of 23 years and four months in state prison. (Id.)

Upon entering state prison, Petitioner states he was placed into the Inmate Work/Training Incentive Program ("IWTIP").  Petitioner states he believed he was earning day-for-day credits against his sentence while participating in this work program.  He claims that CDCR has failed to award him the day-for-day credits to which he claims he is statutorily entitled.  Petitioner administratively appealed the decision of CDCR, but the appeal was denied. (See Resp't's Answer, Ex. 3.)  Petitioner then sought collateral relief in the state courts.  He filed petitions for writ of habeas corpus in the superior court, appellate court and California Supreme Court, and his petitions were denied at every level.  (See Resp't's Answer, Exs. 4-9.)

On September 10, 2008, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Central District of California.  On January 5, 2009, the District Court ordered the case transferred to the Eastern District of California.  For whatever reason, the transfer was not processed until March 1, 2011.  Following a preliminary review of the petition, on April 7, 2011, the Magistrate Judge ordered Respondent to file a response to the petition.  On June 3, 2011, Respondent filed a motion to dismiss the petition for failure to present cognizable federal claims and for failure to establish a prima facie case.  Petitioner was granted multiple extensions of time to file an opposition to Respondent's motion; however, Petitioner did not file an opposition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

In this case, Respondent's motion to dismiss is based on a failure to state a claim.  Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Review of Petition

Title 28, United States Code, § 2254(a), sets forth the following standard of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added).  As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"AEDPA establishes a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir.2007), *quoting* Woodford v. Viscotti, 537 U.S. 19, 24 (2002).

1.  Due Process

Petitioner alleges CDCR has violated his due process rights by refusing to grant him day-for-day credits according to the IWTIP work credit program.

It is clearly established that a liberty interest may originate from the Due Process clause. See Hewitt v. Helms, 459 U.S. 460, 466 (1983). A liberty interest may also be created by state action. See Wolff v. McDonnell, 418 U.S. 559 (1974). "[T]o obtain a protectible right 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979), *quoting* Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).  Constitutionally protected liberty interests are limited to ensuring inmates are free from "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

U.S. District Court
E. D. California     cd                                      3

Under California law, "[c]redit is a privilege, not a right." Cal.Penal Code § 2933(c). Petitioner has no federal right to prison credits. Kalka v. Vasquez, 867 F.2d 546, 547 (1989). Nevertheless, Petitioner claims he earned day-for-day credits pursuant to Cal. Penal Code § 1191.3 and CDCR Operations Manual § 53130 *et seq*.  He states his due process rights were violated by the CDCR's refusal to award him these credits that he had already earned.

California Penal Code section 1191.3 directs the sentencing court to explain to a defendant that the law "permits" an inmate to earn credits "up to" half of the sentence. Under the statute an inmate *may* be eligible for credits. See Cal.Penal Code § 1191.3. The statute, however, does not bestow any right to receive credits.  It merely requires inmates receive notice of its provisions. Id. Thus, section 1191.3 does not create a protectible liberty interest in earning credits. See Sandin, 515 U.S. at 483-84.

Likewise, a liberty interest is not created by sections 53130 *et seq* of the Department of Correction's Manual ("DOM"). Section 53130.3.2 states: "[i]nmates sentenced to prison on non-life terms, whose crimes were committed on or after 1-1-83, shall automatically be eligible to receive day-for-day credits under the provisions of [Penal Code § ] 2933." DOM § 53130.3.2.  By its own terms, this regulation applies to inmates to the extent they are eligible under Cal. Penal Code § 2933.[1] Petitioner was convicted of one of the enumerated violent felonies in Cal. Penal Code § 667.5.  As such, Petitioner is only entitled to earn up to fifteen percent of worktime credits. See Cal. Penal Code § 2933.1.  Accordingly, Petitioner has no liberty interest in earning day-for-day credits under section 53130 *et seq* of the Department of Correction's Manual.

Finally, to the extent Petitioner alleges he was actually awarded credits which the CDCR later revoked in violation of due process of law, his claim fails.  There is no indication in the record that Petitioner ever received such work or conduct credits. Nor is there evidence in the record that credits were revoked after being awarded. (See generally, Pet's Exs.)  In fact, the record demonstrates that Petitioner has always been designated as an inmate with a credit-earning rate of fifteen percent as

---

[1] The Ninth Circuit has concluded that California Penal Code section 2933 does not create a liberty interest in earning work credits. Kalka v. Vasquez, 867 F.2d 547 (9th Cir.1989) ("section 2933 does not create a constitutionally protected liberty interest"); Touissant v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986).

signified by the credit code "4" in his legal status summaries. (See Pet's Exs. D, F, L.) Insofar as Petitioner fails to demonstrate that day-for-day credits were awarded, his due process claim fails.

In sum, Petitioner did not have a protectible liberty interest in earning day-for-day credits and he has not shown that he was awarded credits which were later disallowed. Therefore, Respondent correctly argues that Petitioner fails to state a claim.

   2. Equal Protection

Petitioner also claims a violation of his right to equal protection. He claims he is being denied day-for-day credits whereas other inmates similarly situated are being granted such credits.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a petitioner establishes an equal protection claim by showing that the respondent has intentionally discriminated on the basis of the petitioner's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the petitioner must show that the respondent's actions were a result of the petitioner's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Petitioner has not shown that Defendants' actions were based on the fact he is a member of a suspect classification.

If the action in question does not involve a suspect classification, as here, a petitioner may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a petitioner must allege that: (1) the petitioner is a member of an identifiable class; (2) the petitioner was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

In this case, Petitioner is a member of an identifiable class, to wit, a prisoner sentenced

pursuant to Cal. Penal Code § 2933.1.  However, he is unable to demonstrate that he has been intentionally treated differently from other inmates so situated.  In fact, in the exhibits he presents, he provides legal status summaries for various other inmates.  These summaries show that those inmates sentenced pursuant to Cal. Penal Code § 2933.1 are likewise earning credits at a rate of fifteen percent as demonstrated by the credit code "4" in their legal status summaries. (See Pet's Exs. D, F, L.)  Since Petitioner fails to show he is being treated differently, his equal protection claim fails.

### 3.  Estoppel

Petitioner claims he is entitled to day-for-day credits under the theory of promissory estoppel.  He states he relied on the statements of the sentencing judge, the contracts he entered into with CDCR to participate in IWTIP, and the language in the CDCR Departmental Operations Manual in believing he would earn day-for-day credits.

As previously stated, Petitioner does not submit any proof that the sentencing judge promised he would earn day-for-day credits.  He also does not offer any proof that CDCR informed him he would earn day-for-day credits, and in fact, the legal status summaries contained in his exhibits demonstrate the opposite.  Finally, the Departmental Operations Manual does not state Petitioner would be entitled to earn day-for-day credits.  In fact, DOM § 53130.3 provides that "[e]ligibility to earn day-for-day credits shall be determined by the type of crime committed and the specific date on which the commitment offense occurred."  According to DOM § 53130.3.2 and Cal. Penal Code §§ 667.5, 2933, 2933.1, Petitioner was only entitled to earn up to fifteen percent, as noted in his legal status summary.  (See Pet's Ex. D; Resp't's Ex. 3.)  Therefore, with respect to his promissory estoppel claim as well, Petitioner fails to establish a prima facie case.

### C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED;

E. D. California      cd                                        7

1  3) The Clerk of Court is DIRECTED to close the case; and

2  4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  March 27, 2012

CHIEF UNITED STATES DISTRICT JUDGE